IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEB GROCERY COMPANY, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 17-cv-2810 |
| | § | |
| TODD MEAGHER and MYSTORE, INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants. | § | |
| | § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND UNJUST ENRICHMENT**

Plaintiff HEB Grocery Company, LP ("HEB") files this Complaint against Todd Meagher and MyStore, Inc. ("Defendants"), alleging as follows:

**NATURE OF ACTION AND JURISDICTION**

1. This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); and trademark infringement, unfair competition, dilution, and unjust enrichment under the laws of the state of Texas.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3. A substantial part of the events giving rise to the acts complained of herein occurred in this District. Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff HEB is a Texas limited partnership having its principal place of business at 646 South Flores Street, San Antonio, TX 78204.

5. Defendant Todd Meagher is an individual with an address of 2101 Legacy Court, Keller, TX 76248.

6. On information and belief, Defendant MyStore, Inc. is a Delaware corporation with a place of business at 2101 Legacy Court, Keller, TX 76248.

## FACTS

**A.     HEB and Its MI TIENDA Marks**

7. HEB is a retailer engaged in the retail sale of groceries and other consumer products.

8. HEB has used the marks MI TIENDA and MI TIENDA and design (the "MI TIENDA Marks") for many years in connection with retail grocery store services and related products.

9. HEB operates MI TIENDA grocery stores located in this District.

10. The English translation of the Spanish words "MI TIENDA" in the MI TIENDA Marks is "my store."

11. HEB's services and products offered under the MI TIENDA Marks are advertised online at HEB's website www.mitiendatx.com.

12. HEB has advertised and promoted its goods and services under the MI TIENDA Marks and has received significant publicity and recognition for such goods and services.

13. HEB's MI TIENDA Marks are inherently distinctive, serving to identify and indicate the source of HEB's goods and services to the consuming public, and to distinguish HEB's goods and services from those of others.

14. HEB has spent significant effort and resources advertising and promoting its MI TIENDA Marks and the products and services offered under those marks. Through HEB's widespread use of its MI TIENDA Marks and its investment of time, effort, and money in promoting the products and services offered under those marks, the MI TIENDA Marks have become well-known as identifying HEB's products and services. Furthermore, through HEB's extensive use and promotion of the MI TIENDA Marks, HEB has developed valuable goodwill and strong rights in those marks, and the MI TIENDA Marks have acquired distinctiveness.

15. Through HEB's extensive use and promotion of its MI TIENDA Marks, the MI TIENDA Marks have become widely recognized at least in a geographic area in the state of Texas, and consumers in this District and elsewhere have come to recognize the marks as such, and to associate the marks uniquely with HEB and its goods and services.

16. In addition to the strong common law rights HEB has developed in the MI TIENDA Marks, HEB is the owner of the following United States Trademark Registrations for those marks:

| Mark | Reg. No. | Goods |
| --- | --- | --- |
| MI TIENDA | 3,319,834 | Retail grocery store services, in International Class 35 |
| MI TIENDA and design | 3,337,015 | Retail grocery store services, in International Class 35 |

Each of the HEB's Registrations identified in the chart above is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.

### B.     Defendants and Their Activities

17.    Defendants use the marks MYSTORE, MYSTORE.COM, MITENDA, and MITIENDA (the "MYSTORE Marks") in connection with an online marketplace for selling or promoting goods and services.

18.    Defendants are using the MYSTORE Marks in commerce in Texas, including in this District, and elsewhere in the United States.

19.    Defendants offer services under the MYSTORE Marks via interactive websites available at www.mystore.com and www.mitienda.com, both of which are directed at and readily accessible to consumers in this District and elsewhere in the United States.

20.    Defendants' unauthorized use of the MYSTORE Marks commenced after HEB's first use of the MI TIENDA Marks.

21.    Defendants' unauthorized use of the MYSTORE Marks commenced after HEB's MI TIENDA Marks became widely recognized in a geographic area in the state of Texas.

22.    Defendants are not affiliated with or sponsored by HEB, and Defendants' use of the MYSTORE Marks is without the permission or authority of HEB.

23.    Defendants' marks MYSTORE and MYSTORE.COM are the English equivalent of HEB's MI TIENDA Marks.

### C.     Effect of Defendants' Activities

24.    Defendants' unauthorized use of the MYSTORE Marks is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendants with HEB, or as to the origin, sponsorship, or approval of Defendants' products and services by HEB.

25. Defendants' unauthorized use of the MYSTORE Marks falsely designates the origin of their products and services, and falsely and misleadingly describes and represents facts with respect to Defendants and their products and services.

26. Defendants' unauthorized use of the MYSTORE Marks enables Defendants to trade on and receive the benefit of goodwill built up at great labor and expense by HEB over many years, and to gain acceptance for their products and services not solely on their own merits, but on the reputation and goodwill of HEB, its MI TIENDA Marks, and its products and services.

27. Defendants' unauthorized use of the MYSTORE Marks unjustly enriches Defendants at HEB's expense. Defendants have been and continue to be unjustly enriched by obtaining a benefit from HEB and its goodwill. Specifically, Defendants have taken undue advantage of HEB by trading on and profiting from the goodwill in the MI TIENDA Marks developed and owned by HEB, resulting in Defendants wrongfully obtaining a monetary and reputational benefit for their own business and services.

28. Defendants' unauthorized use of the MYSTORE Marks removes from HEB the ability to control the nature and quality of products and services provided under the MI TIENDA Marks, and places the valuable reputation and goodwill of HEB in the hands of Defendants, over whom HEB has no control.

29. Unless these acts of Defendants are restrained by this Court, they will continue, and they will continue to cause irreparable injury to HEB and to the public for which there is no adequate remedy at law.

## COUNT I:  FEDERAL TRADEMARK INFRINGEMENT

30. HEB repeats the allegations above as if fully set forth herein.

31. The acts of Defendants complained of herein constitute infringement of HEB's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32. HEB has been damaged by Defendants' acts of federal trademark infringement.

33. Defendants' infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

### COUNT II: VIOLATION OF LANHAM ACT SECTION 43(a)

34. HEB repeats the allegations above as if fully set forth herein.

35. The acts of Defendants complained of herein constitute trademark infringement, false designations of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. HEB has been damaged by Defendants' acts of trademark infringement, false designations of origin, false or misleading descriptions or representations of fact, and unfair competition.

37. Defendants' acts of trademark infringement, false designations of origin, false or misleading descriptions or representations of fact, and unfair competition have been and are willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117

### COUNT III: COMMON LAW UNFAIR COMPETITION

38. HEB repeats the allegations above as if fully set forth herein.

39. The acts of Defendants complained of herein constitute trademark infringement and unfair competition in violation of the common law of the State of Texas.

### COUNT IV: DILUTION UNDER TEXAS LAW

40. HEB repeats the allegations above as if fully set forth herein.

41. The acts of Defendants complained of herein constitute dilution of the MI TIENDA Marks in violation of Texas Business and Commerce Code § 16.103.

## COUNT V: UNJUST ENRICHMENT

42. Plaintiff repeats the allegations above as if fully set forth herein.

43. The acts of Defendants complained of herein constitute unjust enrichment of Defendants at the expense of HEB.

## PRAYER FOR RELIEF

**WHEREFORE,** HEB prays that:

(a) Defendants, their officers, agents, servants, employees, related companies, and attorneys, and other persons in active concert or participation with any of them, be preliminarily and permanently enjoined and restrained from using the MYSTORE Marks, and any other mark, trade name, corporate name or domain name that is confusingly similar to or likely to dilute the distinctive quality of the MI TIENDA Marks, and from any attempt to retain any part of the goodwill misappropriated from HEB;

(b) Defendants be ordered to file with this Court and to serve upon HEB, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(c) An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid over to HEB, increased as the Court finds to be just under the circumstances of this case;

(d) HEB recover its reasonable attorney fees;

(e)   HEB recover its costs of this action and prejudgment and post-judgment interest; and

(f)   HEB recover such other relief as the Court may deem appropriate.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), HEB demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

Dated:  September 19, 2017

*s/Louis T. Pirkey*
Louis T. Pirkey
Attorney-in-Charge
Texas Bar No. 16033000
Federal Bar No. 391
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX  78701
Telephone: (512) 322-5200
Facsimile: (512) 322-5201

**ATTORNEY-IN-CHARGE FOR HEB GROCERY COMPANY, LP**

**OF COUNSEL**:
Tyson D. Smith
Texas Bar No. 24079362
Federal Bar No. 2016979
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX  78701
Telephone: (512) 322-5200
Facsimile: (512) 322-5201