United States District Court
Southern District of Texas
**ENTERED**
December 26, 2019
David J. Bradley, Clerk

| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

HEB Grocery Company, LP, § 
 § 
 Plaintiff, § 
 § 
versus § Civil Action H-17-2810
 § 
Todd Meagher, *et al.*, § 
 § 
 Defendants. § 

## Opinion on Partial Summary Judgment

HEB Grocery Company, LP, sued Todd Meagher, Irene Meagher, and MyStore Inc. for infringing its trademark. Irene Meagher owns the corporation, MyStore Inc. Todd Meagher says that HEB has bullied him and maliciously prosecuted this case; therefore the court should cancel its trademarks. Irene Meagher and MyStore Inc. made the same counterclaims, but abandoned them.

No facts support these counterclaims. The United States Patent and Trademark Office cancelled Meagher's mark in 2015 because he did not renew his registration. HEB did nothing to interfere with or cancel Meagher's mark – Meagher abandoned it. HEB has done nothing in this suit but work to maintain and enforce its rights.

Meagher says this lawsuit is frivolous – that it is an attempt to harass him into abandoning his mark. He imagines that HEB's failure to plead actual damages somehow means there was no infringement. Trademark owners are obliged to enforce their rights. HEB asks the court to stop Meagher's using a similar mark to *prevent* damages. Not pleading actual damages does not mean that HEB is not entitled to relief – it is efficiently trying to stop damage preemptively.

A claim for trademark infringement requires (a) that the person seeking to stop another's use has a mark and (b) that the mark is likely to cause confusion with its mark. HEB has supported its claim. HEB sells a variety of its packaged wares – from tortillas to seasonings – marked with "MiTienda" in-store and online. It has shown a multitude of ways that Meagher has used the mark in a way that is likely to confuse consumers – specifically that he had listed a chip-and-dip set, olive oil, chocolate, and bread slicers for sale online. It has argued that consumers would be confused by Meagher's using his mark to sell kitchenware online. Allowing Meagher to use his mark in a way that competed with its mark would dilute HEB's mark. Its claims are not frivolous or predatory.

HEB has, with polite vigor, litigated this case and the several others that Meagher has filed. It has contested Meagher's attempts to revive his trademark at the patent office. It has defended its mark from Meagher's attempts to have it cancelled. It has defended itself from the counterclaims of Irene Meagher and MyStore Inc. – both abandoned their claims. Meagher has sued on the same claims as in this case in different jurisdictions using two companies, both owned by Meagher or his wife. He has filed registrations with the patent office, dismissed them, and refiled them under a new name. Meagher is misguided if he thinks that it is HEB that has been the bully in this case.

That HEB has had to rigorously defend its rights in the "Mi Tienda" mark in response to Meagher's tactics does not show harassment, malice, or support a cancelling of its mark.

Todd Meagher will lose on his counterclaims against HEB for (a) trademark bullying, (b) malicious civil prosecution, and (c) cancellation. (167)

Signed on December **26**, 2019, at Houston, Texas.

Lynn N. Hughes
United States District Judge